# IN THE COURT OF APPEALS OF IOWA

———————————

No. 25-0693
Filed June 24, 2026

———————————

**In re the Marriage of Xiaoyan Shan and Hong Liu**

Upon the Petition of
**Xiaoyan Shan,**
Petitioner–Appellee,

And Concerning
**Hong Liu,**
Respondent–Appellant.

———————————

Appeal from the Iowa District Court for Johnson County,
The Honorable Kevin McKeever, Judge.

———————————

**AFFIRMED**

———————————

Hong Liu, Iowa City, self-represented appellant.

Xiaoyan Shan, Iowa City, self-represented appellee.

———————————

Considered without oral argument
by Greer, P.J., and Schumacher and Ahlers, JJ.
Opinion by Ahlers, J.

**AHLERS, Judge.**

Following a trial, the district court issued a decree dissolving the marriage of Xiaoyan Shan and Hong Liu. In the decree, the court noted that the marital house was by far the highest-value asset the parties owned, and if the court awarded the house to one party, the party receiving it would not have the financial ability to make the equalization payment necessary to equitably divide the marital net worth. As a result, the court ordered the marital house to be sold and the proceeds equally divided.

The wife filed a post-trial motion asking the court to modify the decree to award the house to her and require her to pay the husband $110,000 for his share of the equity in the house. The wife pointed out that this would enable her to keep the house at least until the parties' fifteen-year-old child—who was placed in the physical care of the wife—graduated high school. The court granted the motion and ordered the wife to refinance the house and pay the husband $110,000 for his equity in the house within ninety days. The order also provided that if the wife was unable to comply with the modified terms, the original decree terms would apply.

The husband appeals. He contends the district court failed to properly consider Iowa Code section 598.21(5)(g) (2022)—which requires the court to consider the desirability of awarding the family home to the party having physical care of the child (i.e., the wife)—when it ordered the immediate sale of the house. The husband's brief then goes on to state that, if the court defers sale of the house, he "is willing to commit" to various terms of a deferred payment arrangement. The wife filed a "notice of waiver of appellee's brief and statement" in which she essentially makes a counteroffer to the offer made by the husband in his brief.

We review dissolution-of-marriage appeals de novo. *In re Marriage of Miller*, 966 N.W.2d 630, 635 (Iowa 2021). With de novo review, we examine the entire record and adjudicate property division issues anew. *In re Marriage of McDermott*, 827 N.W.2d 671, 676 (Iowa 2013). However, we disturb the district court's ruling only when it fails to do equity. *Id.*

We reject the husband's challenge. In a dissolution case, the property must be equitably divided. *Id.* at 678. This requires us to look at all the factors listed in Iowa Code section 598.21(5), not just the factor in section 598.21(5)(g) highlighted by the husband. *See id.* In essence, the property division question is a puzzle, and the desirability of awarding the house to the wife as the party with physical care of the minor child is just one piece of that puzzle. Unfortunately, we do not have access to the other pieces of the puzzle. That is because, though the record reveals that the trial occurred over the course of three days, the husband provided us only with the transcript of one witness—a witness who prepared a comparative market analysis on the house. Without the entire transcript, we have no way of assessing the statutory factors necessary to address the husband's challenge to the property division. It was the husband's obligation, as the appellant, "to ensure that the transcripts of any district court proceeding needed for resolution of the appeal are included in the record." *See In re Marriage of Sprague*, 33 N.W.3d 589, 593 (Iowa 2026) (quoting Iowa R. App. P. 6.803(1)). Because the husband failed to fulfil that obligation, we do not have the record we need to resolve his challenge, and the consequence for that failure is to affirm. *See id.* at 594.

Before concluding, we again note that the parties' appellate filings essentially involve making offers and counteroffers as to what they would like to see happen with the marital house. The parties, as unmarried people, are

free to enter any lawful agreement that they'd like. But we will not weigh in on those negotiations, as we serve as an appellate court, not as mediators of disputes.

**AFFIRMED.**